SUPERIOR COURT
OF THE
STATE OF DELAWARE

CRAIG A. KARSNITZ
RESIDENT JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

August 17, 2022

Traevon Dixon
SBI #656483
Unit 18-AL-6
James T. Vaughan Correctional Center
1181 Paddock Road
Smyrna, DE 19977

> Re:   *State of Delaware v. Traevon Dixon*
> Def. ID# 1809015332
> Motion for Transcript

Dear Mr. Dixon:

You voluntarily entered your guilty plea on September 24, 2019. Your sentencing hearing was held on February 26, 2020. On October 22, 2020, you filed a "Request for Sentencing Transcripts" which I denied on November 4, 2020. You did not timely file a direct appeal with the Supreme Court of Delaware. As I said in my November 4, 2020 letter to you, you are entitled to a transcript at State expense if your case is on direct appeal.   Otherwise, you must articulate specific allegations of constitutional infirmity and establish a need for the transcript,[1]  which you did not do then and have not done now.

---

1 *State v. Bordley*, 1989 WL 135691 (Del. Super. Oct. 26, 1989).

On March 7, 2022, you filed your Motion for the Appointment of Postconviction Counsel (the "PCC Motion") and on March 9, 2022, you filed your first *pro se* Motion for Postconviction Relief (the "Rule 61 Motion") in connection with the above-referenced case. On March 23, 2022, I denied both Motions. Because you did not receive my March 23, 2022 letter opinion, it was redated as of June 2, 2022, and mailed to you by Delaware State mail.

On June 6, 2022, you filed a Notice of Appeal and a Motion for Appointment of Counsel. In my letter dated June 7, 2022, I pointed out to you that an appeal of a Superior Court decision must be filed in the Supreme Court of Delaware. Therefore, I deemed the Motion for Appointment of Counsel moot, docketed your June 6, 2022 letter, and placed it in the file.

On July 19, 2022, you filed a Motion for Transcript with the Supreme Court of Delaware for "all side bar conference and/or statement." It is unclear exactly what transcript you are requesting. As stated above, I have already denied your Request for Transcripts. With respect to your appeal to the Delaware Supreme Court of my denial of your Rule 61 Motion, there was no evidentiary hearing held

with respect to your Rule 61 Motion[2] because the Rule 61 Motion was procedurally barred as untimely.[3] Thus, there is no transcript of an evidentiary hearing.

Pursuant to Delaware Supreme Court Rule 9(i), "[d]uring the pendency of an appeal to [the Delaware Supreme Court], the trial court shall retain jurisdiction over all issues relating to the ordering of transcript in cases on appeal."[4] "An application for the production of transcripts is addressed to the sound discretion of this Court."[5] Delaware Superior Court Criminal Rule 61(d)(4) states, "[t]he judge may order the preparation of a transcript of any part of the prior proceedings in the case needed to determine whether the movant may be entitled to relief."[6]

Here, I previously determined that you were not entitled to postconviction relief because your motion for postconviction relief was procedurally barred by Rule 61(i)(1). The transcripts in question will not disturb my prior determination that the Rule 61 Motion was procedurally barred.[7] That is, a sentencing transcript will not unsettle the determination that the Rule 61 Motion was procedurally barred as

---

2 Super. Ct. Crim. R. 61(h).
3 Super. Ct. Crim. R. 61(i)(1).
4 Sup. Ct. R. 9(i).
5 *State v. Duonnolo*, 2009 WL 3681674, at *1 (Del. Super. Ct. Nov. 4, 2009).
6 Super. Ct. Crim. R. 61(d)(4).
7 *See United States v. MacCollom,* 426 U.S. 317, 330 (1976); *see also State v. Ketchum*, 2002 WL 234745, at *1 (Del. Super. Jan. 31, 2002).

untimely.[8] Therefore, your Motion for Transcript is **DENIED.**

**IT IS SO ORDERED**.

Very truly yours,

/s/Craig A. Karsnitz

cc:    Prothonotary
       Doris J. Adkins, Chief Deputy Clerk, Supreme Court of Delaware

---

8 "[I]t is not an abuse of discretion to deny a request for transcripts where the transcripts are sought for the preparation of a Rule 61 motion for postconviction relief and it appears that the Rule 61 motion would be procedurally barred." *Duonnolo*, 2009 WL 3681674, at *1.